
E-FILED on   12/28/09

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 393 PENSION FUND AND THE U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>ACS CONTROLS CORPORATION, a California corporation,<br><br>Defendant. | No. C-08-01282 RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>**Re Docket No. 15** |

Plaintiff Trustees of the U.A. Local 393 Pension Fund and the U.A. Local 393 Health and Welfare Trust Fund ("Trustees") moves for default judgment against defendant ACS Controls Corporation ("ACS"). The court has considered the papers submitted in support of this motion for default judgment. For the reasons set forth below, the court grants Trustees' motion for default judgment.

## I. BACKGROUND

Defendant ACS Control Corporation entered into a National Service and Maintenance Agreement ("NSMA"), which is a collective bargaining agreement with Trustees. Compl. ¶ 5; Second Decl. of Maraia in Support of Mot. for Default J. ("Maraia Decl.") ¶ 6. Under the NSMA,

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT—No. C-08-01282 RMW
CCL

1  ACS was required to submit fixed monthly contributions to the U.A. Local 393 Pension Fund and
2  the U.A. Local 39 Health and Welfare Trust Fund on behalf of all ACS employees who performed
3  work covered by the collective bargaining agreement. Compl. ¶ 5; Maraia Decl. ¶¶ 3, 5, 6. These
4  contributions are due on the fifteenth day of the month following the month in which the work was
5  performed. Maraia Decl. ¶ 8. If a contribution is submitted late, then the employer is required to
6  pay liquidated damages of $250 if it is submitted before the funds file suit or 20% of the principal
7  contribution if submitted after the funds file suit. Maraia Decl. ¶ 9.

8  From January 2009 until April 2009 ACS failed to timely submit its contributions to these
9  funds. Compl ¶ 6; Maraia Decl. ¶¶ 9. On March 24, 2009, Trustees filed this lawsuit under the
10 Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, and
11 Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, for these outstanding
12 payments and liquidated damages. After Trustees filed this lawsuit, ACS made four late payments
13 on March 30, April 16, May 26, and June 3, 2009, including $250 in liquidated damages in each
14 payment. Maraia Decl. ¶¶ 11-15. After these payments, ACS still owes Trustees an additional
15 $2,583.12 in liquidated damages for these months. Mot. 2; Maraia Decl. ¶¶ 15-18. From June 2009
16 through August 2009, ACS submitted transmittals without making any payments. Maraia Decl. ¶
17 19. ACS paid the amount due for their June 2009 contribution four months late in November. Third
18 Decl. of Maraia in Support of Mot. for Default J. ("Third Decl.") ¶ 3. ACS still owes Trustees
19 $9,312.84 in principal contributions and $2,683.65 in liquidated damages for these three months.
20 Maraia Decl. ¶¶ 19, 20; Third Decl. ¶¶ 3, 4. ACS was served on May 21, 2009, and has yet to file an
21 answer or appear. On August 11, 2009, default was entered against ACS.

## II. ANALYSIS

### A.    Default judgment

A party may apply to the court for default judgment under Federal Rules of Civil Procedure 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT—No. C-08-01282 RMW
CCL

2

the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### 1. Merits of Substantive Claims and Sufficiency of the Complaint

After the entry of default, well-pleaded factual allegations are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977). The district court is not required to make detailed findings of fact. *Fair Hous. of Marin*, 285 F.3d at 906 (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990)). Trustees allege that ACS Controls Corporation is a California corporation that entered into the National Service and Maintenance Agreement with Trustees on April 30, 2008. Compl. ¶¶ 4, 5; Maraia Decl. Ex. 2. Under this agreement and two associated Trust Agreements, ACS is contractually required to make contributions to Trustees for both a health and welfare trust fund and a pension trust fund. Compl. ¶ 5. Trustees allege that, starting in January 2009, ACS failed to make the contributions required under the agreement on time. Compl ¶ 6.

After failing to receive these contributions, Trustees filed the complaint on March 24, 2009. Trustees allege that following the filing of this lawsuit ACS did make late contributions for the months of January through April 2009, but that each of these contributions was less than the amount owed. Mot. 2. Trustees also allege that from June 2009 to August 2009, ACS made transmittals to Trustees without making payments. Maraia Decl. ¶ 19. ACS eventually paid the amount due for their June 2009 contribution in November 2009. Third Decl. ¶ 3. Trustees further allege that ACS's failure to timely contribute to these funds violates the National Service and Maintenance Agreement, the Trust Agreements, and provisions in ERISA governing employee benefit plans and funds. Compl. ¶ 6. As a result of these violations, Trustees claim that under ERISA and each of these agreements, ACS owes them any unpaid contributions, liquidated damages for late payment of contributions, and reasonable attorney's fees and costs incurred in recovering these contributions and damages. Compl. ¶¶ 7-8. ERISA allows for a participant, beneficiary, or fiduciary to bring a civil

1 action to redress violations or enforce the provisions of a benefits plan violated by an employer,
2 including a failure by an employer to make contributions to a multiemployer plan that are required
3 under the terms of the plan. 29 U.S.C. §§ 1132(a)(3), 1145. Accordingly, Trustees have adequately
4 stated a claim to recover for breach of both the National Service and Maintenance Agreement and
5 Trust Agreements under ERISA.

6       **2.**      **Remainder of the *Eitel* Factors.**

7     The remaining *Eitel* factors also favor granting Trustees' motion for default judgment.
8 Trustees would be prejudiced if default judgment were not awarded because they would not receive
9 the outstanding contributions, liquidated damages, or attorneys fees and costs. As defendant has not
10 litigated this claim, there is no dispute concerning material facts, nor is there any evidence of
11 excusable neglect on ACS's part. The policy underlying the Federal Rules of Civil Procedure favors
12 deciding a case on its merits, but doing so is unfeasible when a defendant does not litigate the case.
13 *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The *Eitel* factors,
14 on balance, convincingly favor granting Trustees' motion for default judgment.

15       **B.**      **Determination of Relief**

16     Trustees request a total $19,542.57 in damages, consisting of $9,312.84 in outstanding
17 principal contributions, $5,266.77 in unpaid liquidated damages, $4,414.25 in attorney's fees, and
18 costs of $548.71. Upon default, a court takes factual allegations as true except as to damages; some
19 proof of damages is required. *See Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar
20 practice and an exercise of judicial power for a court upon default, by taking evidence when
21 necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully
22 entitled to recover and to give judgment accordingly."); *Geddes v. United Fin. Group,* 559 F.2d
23 557, 560 (9th Cir. 1977). Trustees allege that although ACS made contributions following the
24 Trustees' filing of this suit, these payments have not covered the owed principal for July and August,
25 the liquidated damages due both for unpaid contributions and untimely paid contributions, the
26 attorney's fees, and the costs of filing suit. Mot. 2; Maraia Decl. ¶¶ 9-20.

27     In support of the outstanding payments of principal, Trustees provided copies of ACS's
28 reports of contributions for the months of July and August 2009 specifying the amount of principal

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT—No. C-08-01282 RMW
CCL
4

contribution that ACS owed for each month. Maraia Decl. Exs. 10-11. These support Trustees' requests for the amounts of $6,089.92 and $3,222.92, respectively, due for the principal contributions for July and August 2009. *Id.* There is no indication on these reports that ACS made the payments that the reports state are due.

The agreement between Trustees and ACS provides for liquidated damages of twenty percent of the principal contribution when a payment is submitted after the funds file suit. Maraia Decl. ¶ 9; Exs. 3, 4. Under ERISA, Trustees may recover such liquidated damages, both for contributions due and not timely paid before Trustees filed suit and for contributions due and not timely paid after Trustees filed suit. 35 U.S.C. § 1132(g)(2)(C)(ii); *see Roofers Local Union No. 81 v. Wedge Roofing, Inc.*, 811 F. Supp. 1398, 1401-02 (N.D. Cal. 1992) (finding that it would undermine the policy goals of deterring ERISA violations and recompensing prevailing plans to require plaintiff to file multiple lawsuits to recover liquidated damages which came due after the complaint was filed). Consequently, Trustees are entitled to recover liquidated damages in the amount of twenty percent of principal contributions for January through April of 2009, plus twenty percent of principal contributions due for June through August 2009, minus the amount of liquidated damages which ACS has already paid. For each month from January through April 2009, Trustees provided copies of ACS's monthly reports of contributions including dated transmittals that were submitted to a bank's lock box to prove that each payment was in fact made both delinquently and after the date this lawsuit was filed. Maraia Decl. Exs. 5-8. For each month from June until August 2009, Trustees provided copies of ACS's monthly reports of contributions specifying the principal amount owed for each of those months and notes that these reports did not come with an attached contribution payment. Maraia Decl. ¶ 19, Exs. 9-11. ACS has already paid $1,000 in liquidated damages. Third Decl. ¶ 5. Therefore, the amount of liquidated damages not yet paid is $5,266.77.

In addition to liquidated damages, under ERISA Trustees are entitled to recover reasonable attorney's fees. *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 514 (9th Cir. 1984). Trustees provide extensive evidence to support the $4,414.25 it seeks in attorney's fees, including the number of hours billed by each attorney working on the claim, the rates at which each billable hour was charged, and a description of each billable hour. (Renner Decl. Ex. 1.) These fees are

reasonable because at the time Trustees filed this suit, ACS had yet to pay any of its outstanding contributions or liquidated damages fees, and a substantial amount of these attorney's fees had already been incurred before ACS made its first late contribution payment. The amount ACS would have owed by now if it had not made its contributions following the filing of this lawsuit would have been substantially greater. Trustees also provide an itemized list of the $548.71 in costs of the suit. (Renner Decl. Ex. 2.)

Trustees are therefore entitled to total damages of $19,542.57, which includes: $9,312.84 in unpaid principal contributions, $5,266.77 in unpaid liquidated damages, $4,414.25 in attorney's fees, and $548.71 in costs for the suit.

### III. ORDER

For the foregoing reasons, the court grants Trustees' motion for default judgment in the amount of $19,542.57.

**Dated:**     12/28/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

Carmela Jean Woll        cwoll@wmprlaw.com
Mark Stephan Renner      mrenner@wmprlaw.com

**Defendant:**

ACS Controls Corporation
4704 Roseville Rd., Ste 101
North Highlands, CA 95660

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 12/28/09                          CCL
                                             **Chambers of Judge Whyte**

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT—No. C-08-01282 RMW
CCL

7